IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nasrin Afjeh,           Case No. 3:09 CV 2672

    Plaintiff,           MEMORANDUM OPINION
                              AND ORDER

-vs-

                              JUDGE JACK ZOUHARY

Village of Ottawa Hills, et al.,

    Defendants.

## INTRODUCTION

*Pro se* Plaintiff Nasrin Afjeh brings claims for violation of her First Amendment rights, national origin discrimination, and violation of the Ohio Corrupt Practices Act (Doc. No. 14). Defendants are the Village of Ottawa Hills, Mayor Kevin Gilmore, Village Manager Marc Thompson, Village Solicitor Sarah McHugh, Police Chief Robert Overmeyer, and Village Council members Robert Reichert, Jack Straub, Jeffery Gibbs, James Walter, and Rex Decker. Plaintiff, a resident of Ottawa Hills, has had a long-running tiff with the Village government, resulting in several prior rounds of litigation in state court.[1] Currently pending before the Court is Defendants' Motion for

---

[1] *See, e.g., Village of Ottawa Hills v. Afjeh*, No. L-04-1297, 2006 WL 1449819 (Ohio App. May 26, 2006); *Village of Ottawa Hills v. Afjeh*, No. L-02-1364, 2004 WL 3017241 (Ohio App. Dec. 30, 2004); *State ex. rel. Afjeh v. Village of Ottawa Hills*, No. L-03-1159, 2004 WL 835860 (Ohio App. April 16, 2004); *Afjeh Family v. Village of Ottawa Hills*, No. L-02-1229, 2003 WL 22234878 (Ohio App. Sept. 30, 2003); *Village of Ottawa Hills v. Afjeh*, No. L-99-1074 (Ohio App. June 23, 2000).

Judgment on the Pleadings (Doc. No. 16). Plaintiff filed an Opposition (Doc. No. 20), and Defendants filed a Reply (Doc. No. 23).

### STANDARD OF REVIEW

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). In scrutinizing a complaint, the court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint only survives a motion to dismiss or motion for judgment on the pleadings if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### DISCUSSION

**Count One**

In Count One, Plaintiff alleges Defendants refused to let her speak more than one minute about the rehiring of Village Manager Marc Thompson at a council meeting on October 13, 2008. Plaintiff brings this claim under 42 U.S.C. § 1983, contending Defendants violated her rights under the First and Fourteenth Amendments of the U.S. Constitution, as well as rights under the Ohio Constitution.

However, the Complaint contains no specific allegations against any individual Defendant. Only in an Affidavit attached to her Opposition to Defendants' Motion does Plaintiff mention any Defendant individually. Keeping in mind the liberal construction afforded to *pro se* pleadings, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), this Court will construe the allegations in the Affidavit as an amendment to the Complaint.

In her Affidavit, Plaintiff alleges she was cut off from speaking on a motion by Councilman Reichert and a second by Councilman Straub (Doc. No. 20, Afjeh Aff. ¶ 10). She also alleges that "Village Solicitor [McHugh] threatened me with ejection from the meeting despite my request to the Council that I was not done speaking" (*Id.* ¶ 9). No other Defendant is mentioned with regard to the October 13, 2008 council meeting, and this Court will therefore analyze the claims only against Defendants Reichert, Straub, and McHugh.

As to Councilmen Reichert and Straub, local legislative officials are absolutely immune from Section 1983 claims arising out of their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998); *Canary v. Osborn*, 211 F.3d 324, 328 (6th Cir. 2000). Legislative immunity applies to "all actions taken in the sphere of legitimate legislative activity." *Bogan*, 523 U.S. at 54. Whether an act falls within the sphere of legislative activity "turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.* Several courts have held that moderating the speech and activity of public attendees at a local legislative meeting is legislative activity protected by absolute immunity. *See, e.g.*, *Artus v. Town of Atkinson*, 2009 WL 3336013, at \*3-\*5 (D. N.H. 2009) (finding absolute immunity for moderator at town meeting who ordered attendee to stop taking photographs); *Timmon v. Wood*, 633 F. Supp. 2d 453, 460 (W.D. Mich. 2008) (finding absolute immunity for city council members who raised points of order concerning propriety of a citizen's comments at a council

3

meeting); *Carlow v. Mruk*, 425 F. Supp. 2d 225, 236-39 (D. R.I. 2006) (finding absolute immunity for moderator of local meeting who prohibited videotaping and ejected a member of the public); *Avila v. Estate of Kroogman*, 2006 WL 214032, at *3 (D. Conn. Jan. 27, 2006) (finding absolute immunity for chair of community development committee meeting who requested that an argumentative participant leave).

Plaintiff's allegations in Count One (and Count Two) fall within this sphere of protected legislative activity. The conduct of which Plaintiff complains -- limiting her speech regarding the rehiring of the Village Manager -- occurred during a Village council meeting. As the above-cited cases demonstrate, local government legislators are absolutely immune from claims arising from their regulation of speech and conduct at such meetings. Moreover, absolute immunity shields Defendants even if their actions were arbitrary, as Plaintiff alleges. "The privilege of absolute immunity 'would be of little value if [legislators] could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives.'" *Bogan*, 523 U.S. 44, 54 (quoting *Tenney v. Brandhove*, 341 U.S. 376, 377 (1951)).

Plaintiff relies on *Hansen v. Bennett*, 948 F.2d 397 (7th Cir. 1991), for the proposition that local officials do not enjoy absolute immunity for silencing speech during public comment at a town council meeting. However, *Hansen* does not apply here. The speech at issue in *Hansen* occurred in an open comment portion of a council meeting, during which citizens were permitted to speak on any issue, including issues not on the meeting agenda. *Id.* at 402. There was no legislative business conducted during the open comment segment of the meeting. *Id. Hansen* held that regulating speech during this open comment period was an administrative action, rather than a legislative action, and

4

therefore the defendant was not entitled to absolute immunity. *Id.* at 403. Further, *Hansen* emphasized its "narrow holding," drawing a distinction between open comment sessions and public hearings concerning specific plans under consideration at the meeting. *Id.* The instant case falls into the latter category; Plaintiff sought to speak on a specific issue under consideration by the council -- namely, the rehiring of the Village Manager. Thus, *Hansen* cannot save Plaintiff's claim from the doctrine of legislative immunity.

A ruling on legislative immunity pursuant to Civil Rule 12(c) is appropriate at this stage of the case. The nature of the council meeting and the subject of Plaintiff's speech is clear from the face of the Complaint. Even if everything Plaintiff alleges is true, Defendants Reichert and Straub are entitled to absolute immunity for their conduct in regulating Plaintiff's speech at the meeting.

Village Solicitor McHugh, by contrast, is not a legislative officer and therefore is not entitled to legislative immunity. Nor is she entitled to prosecutorial immunity, as her alleged actions were not within the scope of her advocacy duties as Village Solicitor. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993) (holding that prosecutors are entitled to absolute immunity only when acting in their capacity as advocates). However, Plaintiff's Complaint and Affidavit fail to disclose that McHugh did anything inappropriate. According to Plaintiff's own allegations, McHugh did not cut Plaintiff off from speaking; Councilmen Reichert and Straub did. McHugh "threatened [Plaintiff] with ejection" after Plaintiff protested that she was not done speaking. But Plaintiff does not allege that McHugh actually ejected her or used any physical force, nor does she allege which of her rights McHugh may have violated.

In sum, Plaintiff makes specific allegations against only three Defendants: Reichert, Straub, and McHugh. But these allegations do not state a cognizable claim against those Defendants, and the individual Defendants' Motion is therefore granted as to Count One.

As to the claims against the Village itself, Plaintiff has failed to allege that her injury was caused by a "policy or custom" of the Village, which is required for municipal liability under Section 1983. *See Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989) (citing *Monell v. New York City Dep't of Soc. Serv's.*, 436 U.S. 658, 690 (1978)). Plaintiff's claims relate to the specific council meeting on October 13, 2008, and not to any general policy of the Village. The Village's Motion is therefore granted as to Count One.

**Count Two**

In Count Two, Plaintiff alleges national origin discrimination under 42 U.S.C. § 1983. This claim is based on a number of allegations, including Defendants' refusal to let her speak at the October 13, 2008 council meeting. For the same reasons stated above, that particular allegation does not support a Section 1983 claim.

As further evidence of national origin discrimination, Plaintiff alleges that Defendants "frivolously prosecut[ed] Plaintiff for zoning violations [and] thr[ew] items at Plaintiff [during a council meeting]" (Doc. No. 14, ¶ 18). However, those same allegations against the Village were previously, and unsuccessfully, litigated in 2004 in state court (Doc. No. 15, Ex. A; Lucas County Court of Common Pleas Case No. CI04-1513, Opinion of Oct. 29, 2004). That earlier case involved, among other claims, national origin discrimination under Section 1983. Plaintiff cannot bring the same claims against the Village here, as they are foreclosed by the doctrine of *res judicata*. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) ("A final judgment on the merits of

6

an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (internal quotation and emphasis omitted).

Plaintiff also alleges Defendants "refused to allow Plaintiff to place her artwork on the premises of Ottawa Hills property" (Doc. No. 14, ¶ 20). Defendants contend the "artwork" issue is also precluded, as "artwork" actually refers to a sign Plaintiff had on her property, and the sign issue was litigated in the earlier state court case. In her Opposition, Plaintiff does not contest Defendants' characterization of her "artwork." And even if the alleged "artwork" does not in fact refer to her sign, nowhere does Plaintiff indicate the nature of the artwork, where she attempted to display it, how Defendants prevented her from displaying it, or (most importantly) how that action was related to her national origin. Thus, Plaintiff fails to meet the *Twombly* plausibility standard.

As to the individual Defendants, Thompson, Overmeyer, and Straub were also defendants in the prior state court case, along with the Village itself. But the other individual Defendants here were not defendants in the prior case, nor in any other case involving Plaintiff and the Village, so *res judicata* does not apply to Plaintiff's claims against them. *See Rawe*, 462 F.3d at 528 (identity of parties is an element of *res judicata*). However, Plaintiff fails to allege any actions taken by individual Defendants with respect to Count Two.[2] Plaintiff therefore fails to state any cognizable claim against the individual Defendants in Count Two.

Further, as explained above, Plaintiff fails to allege a "policy or custom" that would subject the Village to municipal liability under Count Two.

Accordingly, Defendants' Motion is granted as to Count Two.

---

[2] Although Plaintiff provides no details about the "throwing" incident in her pleadings here, the opinion in the state court case indicates that Defendant Thompson was involved. Assuming that is true, *res judicata* would apply to the claim against Thompson, as he was a party in the state court case.

**Count Three**

In Count Three, Plaintiff alleges Defendants violated the Ohio Corrupt Practices Act (CPA), R.C. § 2923.32, by concealing an incident in which a Village employee ran over a dog with a garbage truck. The elements of an Ohio CPA claim are: (1) defendant has committed two or more state or federal criminal offenses, (2) these offenses constitute a pattern of corrupt activity, and (3) defendant participated in the affairs of or acquired and maintained an interest in or control of an enterprise. *Lopardo v. Lehman Bros., Inc.*, 548 F. Supp. 2d 450, 469 (citing *Universal Coach, Inc. v. New York City Transit Auth.*, 90 Ohio App. 3d 284, 291 (1993)).

Affording Plaintiff a liberal standard, she nonetheless fails to allege at least two of these elements. First, she does not allege that *any* Defendant, let alone all of them, committed two crimes. Second, she fails to allege the existence of an enterprise, which cannot consist solely of "a corporate entity and its officers or employees." *Turchyn v. Nakonachny*, 157 Ohio App.3d 284, 290 (2004). Defendants here are all officers of the Village of Ottawa Hills, along with the Village itself.

Accordingly, Defendants' Motion is granted as to Count Three.

## CONCLUSION

For the above reasons, Defendants' Motion for Judgment on the Pleadings is granted, and the case is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 5, 2010